Jeffrey B. Maltzman, CA Bar No. 131758
Edgar R. Nield, CA Bar No. 135018
Gabrielle De Santis Nield, CA Bar No. 110930
MALTZMAN & PARTNERS, P.A.
5857 Owens Avenue, Suite 300
Carlsbad, CA 92008
Telephone: (760) 942-9880
jeffreym@maltzmanpartners.com
ed@maltzmanpartners.com
gab@maltzmanpartners.com

Attorneys for Defendant, PRINCESS CRUISE LINES, LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| SUSAN B. HODGE,<br><br>Plaintiff,<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD., SHEVAUN VAN ZYL, M.D., AND DOES 1-10,<br><br>Defendants. | CASE NO.: 2:24-CV-00620-FLA (ASx)<br><br>**DEFENDANT PRINCESS CRUISE LINES, LTD.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>Judge: Hon. Fernando L. Aenlle-Rocha<br>Magistrate: Hon. Alka Sagar<br>Filed: 1/23/2024 |
|---|---|

PRINCES CRUISE LINES, LTD. (hereinafter "Princess" or "Defendant"), by and through their undersigned counsel, hereby responds to Plaintiff's Complaint for Damages for Personal Injuries and Demand for Jury Trial [ECF #1] (the "Complaint") and files its Answer and Affirmative Defenses as follows. The numbered paragraphs below correspond to the allegations in each identically numbered paragraph in Plaintiff's Complaint:

## Jurisdiction and Venue

1.  The allegations constitute legal conclusions to which no response is appropriate or required. To the extent a response is required, Defendant admits that Plaintiff's claims are governed by maritime law. Except as expressly admitted,

Defendant denies the remaining allegations.

2. The allegations constitute legal conclusions to which no response is appropriate or required. To the extent a response is required, Defendant admits the Passage Contract applicable to Plaintiff's voyage requires suit be filed in this Court and Princess does not contest venue in this matter. Except as expressly admitted, Defendant denies the remaining allegations.

## The Parties

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

4. Defendant admits it has headquarters in Santa Clarita, California. Except as expressly admitted, Defendant denies the remaining allegations.

5. Defendant admits that it operated cruises in various ports. Except as expressly admitted, Defendant denies the remaining allegations.

6. Admitted that Defendant owned and operated the vessel. All else is denied.

7. The allegations constitute legal conclusions to which no response is appropriate or required. To the extent a response is required, Defendant Princess admits that Defendant Shevaun Van Zyl, M.D. worked in the vessel's Medical Center. Defendant Princess lacks knowledge or information sufficient to form a belief as to the truth of the allegations directed to Defendant Shevaun Van Zyl, M.D. and therefore denies them. Except as expressly admitted, Defendant denies the remaining allegations.

8. The allegations constitute legal conclusions to which no response is appropriate or required. To the extent a response is required, Defendant Princess lacks knowledge or information sufficient to form a belief as to the truth of the allegations directed to Doe Defendants 1 through 10 and therefore denies them. Except as expressly admitted, Defendant denies the remaining allegations.

9. The allegations constitute legal conclusions to which no response is

appropriate or required. To the extent a response is required, Defendant Princess lacks knowledge or information sufficient to form a belief as to the truth of the allegations directed to Doe Defendants 1 through 10 and therefore denies them. Except as expressly admitted, Defendant denies the remaining allegations.

**General Allegations**

10. Admitted.

11. To the extent the allegations purport to summarize or state the contents of documents, those documents speak for themselves, and Defendant Princess denies any characterization that is inconsistent with their content. All else is denied.

12. To the extent the allegations purport to summarize or state the contents of documents, those documents speak for themselves, and Defendant Princess denies any characterization that is inconsistent with their content. All else is denied.

13. To the extent the allegations purport to summarize or state the contents of documents, those documents speak for themselves, and Defendant Princess denies any characterization that is inconsistent with their content. All else is denied.

14. The allegations constitute legal conclusions to which no response is appropriate or required. To the extent a response is required, denied as phrased.

15. The allegations constitute legal conclusions to which no response is appropriate or required. To the extent a response is required, denied.

16. Denied as phrased.

17. To the extent the allegations purport to summarize or state the contents of documents, those documents speak for themselves, and Defendant Princess denies any characterization that is inconsistent with their content. All else is denied.

18. Denied.

19. Denied as phrased.

20. Denied.

21. Denied.

22. Denied.

**The Incident**

23. Defendant admits that Plaintiff was a passenger onboard the vessel on or about the date alleged. To the extent the allegations purport to summarize or state the contents of documents, those documents speak for themselves, and Defendant Princess denies any characterization that is inconsistent with their content. All else is denied.

24. To the extent the allegations purport to summarize or state the contents of documents, those documents speak for themselves, and Defendant Princess denies any characterization that is inconsistent with their content. All else is denied.

25. To the extent the allegations purport to summarize or state the contents of documents, those documents speak for themselves, and Defendant Princess denies any characterization that is inconsistent with their content. All else is denied.

26. To the extent the allegations purport to summarize or state the contents of documents, those documents speak for themselves, and Defendant Princess denies any characterization that is inconsistent with their content. All else is denied.

27. To the extent the allegations purport to summarize or state the contents of documents, those documents speak for themselves, and Defendant Princess denies any characterization that is inconsistent with their content. All else is denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

**First Cause of Action Against Defendant Princess**

**(Negligence-General Maritime Law)**

32. Defendant incorporates herein by reference its responses to Paragraphs 1 to 31 of this Answer, *supra*, as if set forth fully herein.

33. The allegations constitute legal conclusions to which no response is appropriate or required. To the extent a response is required, Defendant Princess

denies that it breached any duties owed to Plaintiff. All else is denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

**Second Cause of Action Against Defendant Van Zyl and Does 1 through 10**

**(Negligence-General Maritime Law)**

39. Defendant incorporates herein by reference its responses to Paragraphs 1 to 38 of this Answer, *supra*, as if set forth fully herein.

40. Defendant Princess lacks knowledge or information sufficient to form a belief as to the truth of the allegations directed to Defendant Van Zyl and Does 1 through 10 and therefore denies them.

41. Defendant Princess lacks knowledge or information sufficient to form a belief as to the truth of the allegations directed to Defendant Van Zyl and Does 1 through 10 and therefore denies them.

42. Defendant Princess lacks knowledge or information sufficient to form a belief as to the truth of the allegations directed to Defendant Van Zyl and Does 1 through 10 and therefore denies them.

43. Defendant Princess lacks knowledge or information sufficient to form a belief as to the truth of the allegations directed to Defendant Van Zyl and Does 1 through 10 and therefore denies them.

44. Defendant Princess lacks knowledge or information sufficient to form a belief as to the truth of the allegations directed to Defendant Van Zyl and Does 1 through 10 and therefore denies them.

**Third Cause of Action Against Defendant Princess**

**(Negligence-Vicarious Liability Under *Respondeat Superior*)**

45. Defendant incorporates herein by reference its responses to Paragraphs

1 to 44 of this Answer, *supra*, as if set forth fully herein.

46. Denied.

47. Denied.

48. Denied.

49. The allegations constitute legal conclusions to which no response is appropriate or required. To the extent a response is required, Defendant Princess denies that it breached any duties owed to Plaintiff. All else is denied.

50. Defendant Princess denies that it breached any duties owed to Plaintiff. All else is denied.

51. Denied.

## Fourth Cause of Action Against Defendant Princess

## (Negligence-Vicarious Liability Under Apparent Agency)

52. Defendant incorporates herein by reference its responses to Paragraphs 1 to 51 of this Answer, *supra*, as if set forth fully herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Defendant Princess denies that it breached any duties owed to Plaintiff. All else is denied.

60. Denied.

## Prayer

WHEREFORE clause: Princess denies that Plaintiff is entitled to any relief whatsoever, including general, special, or exemplary damages, interest, costs, medical expenses, a jury trial, attorney's fees or any other relief. Defendant denies the remaining allegations.

**Demand for Jury Trial**

Princess denies that Plaintiff is entitled to a jury trial.

**AFFIRMATIVE DEFENSES**

Based on the facts and information known to date, and subject to amendment following further investigation of the facts, and without waiver of any rights, privileges, or defenses, Defendant Princess states the following affirmative defenses.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are governed by general maritime law and any recovery is limited by same, as well as by California law to the extent such law does not conflict with maritime law.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are governed by, and subject to, the terms, limitations, and conditions contained within the contract for passage and the Defendant adopts and incorporates the contract for passage into the answer by reference.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's acts and omissions were the sole, proximate cause of alleged injuries, if any.

**FIFTH AFFIRMATIVE DEFENSE**

The incident and injuries alleged by the Plaintiff, if any, were the result of superseding, intervening, and/or unforeseeable causes from which Princess had no duty to protect Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff failed to act timely and reasonably and/or failed to exercise due care in order to minimize or mitigate damages.

**SEVENTH AFFIRMATIVE DEFENSE**

The damages allegedly suffered by the Plaintiff were not the result of any act

or omission on the part of Defendant but were caused by Plaintiff's pre-existing injuries and/or other trauma or illness suffered by Plaintiff. To the extent that Princess is liable for aggravating any pre-existing injury, illness or condition, which Princess specifically denies, Plaintiff's damages should only be for an amount commensurate with the degree that Plaintiff's pre-existing injury, illness or condition was aggravated by the conduct or omission of Princess.

### EIGHTH AFFIRMATIVE DEFENSE

The injuries or damages suffered by Plaintiff, if any, were solely caused by the actions and/or omissions of third parties for whom the Defendant has no responsibility or liability.

### NINTH AFFIRMATIVE DEFENSE

Princess has no legal responsibility for the damages or injuries alleged by Plaintiff in the Complaint; however, in the event that Princess is held liable, any liability being specifically denied by Princess, said liability will be due in whole or in part to the acts, omissions, activities, failures, recklessness or negligence of others. Accordingly, any recovery by the Plaintiff against Princess should be reduced in proportion to the respective negligence, fault, or responsibility of all other parties, persons, or entities, including their agents, servants, representatives, or employees who contributed to or caused any injury or damages to Plaintiff, if any, in accordance with the law governing comparative fault.

### TENTH AFFIRMATIVE DEFENSE

Princess' liability, if any, must be reduced by the comparative amount of liability and/or fault attributable to the Plaintiff for the reasons set forth in the preceding and subsequent affirmative defenses and by reason of the decisions made by and acts and omissions of Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

Any award of damages to Plaintiff should be reduced by any collateral source payments paid to and/or received by Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim that any act or omission of Princess was the substantial factor in causing the alleged injuries and damages set forth in Plaintiff's Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's negligence, including but not limited to the failure to have medical or travel insurance, failure to fully disclose Plaintiff's past medical history, medications and medical conditions, failure to follow medical advice, and negligence in maintaining Plaintiff's own health before the cruise, was the sole, proximate cause of Plaintiff's alleged damages, if any, which Defendant specifically denies.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a result of the conduct, acts or omissions of the Plaintiff, Plaintiff is estopped from claiming the damages alleged in the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to seek timely and/or appropriate medical treatment for the injuries alleged in the Complaint, and such failure exacerbated any such injuries to the extent that any award of damages to Plaintiff must be proportionately reduced accordingly.

**SIXTEENTH AFFIRMATIVE DEFENSE**

In the event Defendant is found to be negligent or otherwise liable, Plaintiff's medical expense damages are limited to their reasonable value taking into consideration all relevant evidence, including amounts billed, amounts paid, amounts not submitted, amounts which Plaintiff is not required to pay, and any discounts, write offs and set offs for amounts paid by third parties.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff did not inform Defendant of any special needs as required by the passage contract.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged incident was caused by a *force majeure* and/or Act of God. *Force Majeure's* and/or Acts of God are beyond Defendant's control. Defendant is not liable for any loss or injury arising from a *force majeure* and/or Act of God. Princess cannot be held responsible for Plaintiff's damages under applicable law and/or the terms of the Passage Contract.

### NINETEENTH AFFIRMATIVE DEFENSE

There is no right to a jury trial for this matter.

### TWENTIETH AFFIRMATIVE DEFENSE

The injury, damage or loss suffered by Plaintiff is legally caused by the negligent or willful failure of Plaintiff to follow the advice and instruction of Plaintiff's medical providers and in otherwise failing to exercise ordinary care on Plaintiff's own behalf.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Punitive damages are not recoverable in this action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Princess, if performed at all, were made in good faith and/or justified.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages and injuries resulted from unavoidable events and were not proximately caused by any alleged negligence or gross negligence on the part of Princess.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The alleged dangerous condition, if any, was apparent, open and obvious to the passengers of the subject vessel, including Plaintiff, and should have been observed by Plaintiff in the ordinary use of Plaintiff's senses.

/ / /

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff had actual knowledge and/or notice of any alleged dangerous condition, if any, and realized and appreciated the potential for injury as a result of such alleged condition; and, having a reasonable opportunity to avoid it, consciously and voluntarily exposed herself to same.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant did not have notice of the allegedly unreasonably dangerous or defective condition.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant did not have notice of the allegedly dangerous condition, if any, and therefore did not have a duty to warn Plaintiff as to the existence of same.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant fully discharged its duties to the passengers of the subject vessel, including Plaintiff, by warning of any and all dangers and/or conditions unique to the vessel, if any.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent applicable, any award of damages to Plaintiff, if any, should be reduced by amounts of medical expenses billed but never actually paid. Plaintiff is not entitled to recover for discounts and write-offs.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendant asserts that Defendant Princess cannot be liable for the claimed medical negligence of medical doctors pursuant to the *Barbetta* doctrine as set forth in *Barbetta v. S/S Bermuda Star, 848 F.2d 1364 (5th Cir. 1988)* which is the applicable law in the Ninth Circuit.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

That the Plaintiffs' action herein is barred by the provisions of California Civil Code section 1714.8 in that the injuries and damages complained of by the Plaintiff herein, if any, was solely as the result of the natural course of a disease or

condition and/or expected result of reasonable treatment rendered for the disease or condition by the defendants herein.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

That in the event this answering defendant is found to be negligent (which supposition is denied and merely stated for the purpose of this affirmative defense), this answering defendant may elect to introduce evidence of any amounts paid or payable, if any as a benefit to the Plaintiff pursuant to California Civil Code section 3333.1.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

That in the event this answering defendant is found to be negligent (which supposition is denied and merely stated for the purpose of this affirmative defense), the damages for non-economic losses shall not exceed the amount specified in Civil Code section 3333.2.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

That in the event this answering defendant is found to be negligent (which supposition is denied and merely stated for the purpose of this affirmative defense), this answering defendant may elect to have future damages, if in excess of the amount specified in California Code of Civil Procedure section 667.7, paid in whole or in part, as specified in Code of Civil Procedure section 667.7.

Princess reserves its right to add additional affirmative defenses as discovery develops.

WHEREFORE, Princess prays judgment as follows:

1. That Plaintiff take nothing by way of the Complaint;
2. That the Court enter judgment for Princess;
3. For costs incurred in defense of this action; and
4. For such other and further relief as the Court may deem proper.

| | | |
|---|---|---|
| DATED: April 2, 2024 | | MALTZMAN & PARTNERS |
| | By: | *s/ Edgar R. Nield* |
| | | Jeffrey B. Maltzman |
| | | Edgar R. Nield |
| | | Gabrielle De Santis Nield |
| | | *Attorneys for Defendant, Princess Cruise Lines Ltd.* |