CHARLES D. NAYLOR, State Bar No. 62243
LAW OFFICES OF CHARLES D. NAYLOR
A Professional Corporation
111 W. OCEAN BLVD, Suite 400
Long Beach, California 90802
Telephone:  (310) 514-1200
Facsimile:   (310) 514-1837
E-Mail:      cnaylor@naylorlaw.com

In Association with:

Aksana M. Coone, State Bar No. 190125
LAW OFFICES OF AKSANA M. COONE
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone:  (310) 556-9650
Facsimile:   (310) 954-9008
E-mail:      Aksana@Coonelaw.com

Attorneys for Plaintiff, SUSAN B. HODGE

Jeffrey B. Maltzman, CA Bar No. 131758
Edgar R. Nield, CA Bar No. 135018
Gabrielle De Santis Nield, CA Bar No. 110930
**MALTZMAN & PARTNERS, P.A.**
5857 Owens Avenue, Suite 300
Carlsbad, CA 92008
Telephone: (760) 942-9880
jeffreym@maltzmanpartners.com
ed@maltzmanpartners.com
gab@maltzmanpartners.com
Attorneys for Defendant, PRINCESS CRUISE LINES, LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN B. HODGE,<br><br>Plaintiff,<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD.,<br><br>Defendant. | CASE NO. 2:24-cv-00620-FLA-AS<br><br>**JOINT RULE 26(F) REPORT**<br><br>Scheduling Conference: 5/10/24<br>Time: 1:00 p.m.<br>Courtroom: 6B<br><br>Filed:  04/03/2024<br>Judge: Hon. Fernando L. Anelle-Rocha<br>Magistrate: Hon. Alka Sagar |

1

JOINT RULE 26(F) REPORT

Pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 16 and 26, Central District of California Local Rule 26-1 and this Court's Order Setting Scheduling Conference, the parties hereby submit this Joint Scheduling Report on behalf of plaintiff SUSAN B. HODGE ("Plaintiff"), defendant PRINCESS CRUISE LINES, LTD. ("Princess"). The parties met and conferred on April 16, 2024, in accordance with the requirements of FRCP Rule 26(f) and Local Rule 26-1. Aksana Coone participated in the conference on behalf of Plaintiff. Gabrielle Nield attended on behalf of Princess.

The subject matters below address the matters requested to be covered by the Court's Order Setting Scheduling Conference:

(a) **Statement of the Case:**

**Plaintiff's Position**

On or about January 28, 2023, Plaintiff, an 83-year-old fare paying passenger aboard the *Royal Princess* (hereinafter "Vessel"), reported to the ship's medical center with complaints of chest pain and shortness of breath.

The medical staff aboard the ship, specifically, Defendant VAN ZYL, performed a cursory examination, without utilizing an electrocardiogram (EKG) or any other cardiac diagnostic tests, and overlooked Plaintiff's past medical history and risk factors for coronary artery disease (CAD), including her age, family history, high blood pressure, high cholesterol, obesity, diabetes and sedentary lifestyle, misdiagnosed Plaintiff's heart attack with gastric reflux disease (GERD) and failed to properly manage the cardiac condition, including immediately starting Plaintiff on thrombolytics, bed rest and aspirin to minimize damage to the myocardium (heart muscle) due to ischemia, and arranging for a prompt medical evacuation ashore for an angioplasty or other appropriate emergency care to reduce the amount of damage to the heart muscle, and instead prescribed Metoclopramide, a gastric sedative, Omeprazole, a gastric acid reducer and an antacid tablet. No medical evacuation was considered or recommended.

On or about February 6, 2023, upon her return home at the completion of the cruise, Plaintiff relying on the Defendant VAN ZYL's diagnosis of a gastric reflux

disease as the cause of her symptoms, visited with a gastroenterologist who immediately, upon examination, recognized Plaintiff's symptoms were cardiac and not gastric, referred Plaintiff to a cardiologist. The cardiologist performed an EKG which revealed an acute anterior wall MI (myocardial infarction) with ST elevation indicating a total blockage of involved coronary artery and diagnosed Plaintiff as having suffered a heart attack. Plaintiff was immediately referred to a hospital emergency room for treatment and advised she had but hours to live. Plaintiff seeks damages as a result of the alleged wrongful acts and has filed her complaint alleging causes of action against Princess for direct and vicarious liability and against the ship's physician for negligence.

**Defendant Princess**

Defendant denies liability, causation and the extent of damages claimed by Plaintiff and alleges that plaintiff's injury was caused by her own negligence or that of other third persons. In addition, Defendant Princess was not negligent in providing plaintiff medical care or lack thereof as plaintiff has alleged in the operative complaint. The Passage Contract also expressly states that Defendant is not liable for the medical personnel who provided medical care to plaintiff which conforms with existing law which applies in the circumstances at issue. Defendant further contends that neither Princess nor its medical personnel caused or contributed to Plaintiff's alleged physical or emotional damages or the need for any subsequent hospitalizations and/or surgeries.

**(b)    Subject Matter Jurisdiction:**

This action was filed in the United States District Court, Central District of California on January 23, 2024. Defendant Princess filed an Answer to the Complaint on April 2, 2024. Defendant Shevaun Van Zyl has not been served with the complaint, as her current status of employment with Princess and address was unknown to Plaintiff. The plaintiff was recently advised that Dr. Van Zyl is no longer contracted with Princess. Plaintiff anticipates Princess will disclose Dr. Van Zyl's last known contact information in its initial disclosures, at which point, Plaintiff will attempt service upon her.

Princess' Passage Contract contains a forum selection clause, which mandates that

Defendant Princess be sued before the United States District Courts for the Central District of California in Los Angeles and that all disputes shall be governed exclusively and in every respect by the general maritime law of the United States.

This is an action seeking damages in excess of $75,000, exclusive of interest, costs, and attorney's fees between citizens of different States and foreign countries. Federal subject matter jurisdiction arises under and is by virtue of diversity citizenship pursuant to 28 U.S.C. § 1332. The action also arises under maritime law such that the Court has admiralty jurisdiction under 28 U.S.C. § 1333 and the general maritime law of the United States.

(b) **Legal Issues:**

**Plaintiff's Position**

This case involves a number of claims under the general maritime law of the United States including as against Defendant Princess: claims for direct negligence, vicarious liability based on *respondeat superior*, and vicarious liability under apparent agency; and, as against the ship's physician: a claim for negligence. The principal legal issues will be whether Princess and/or medical personnel working aboard the *Royal Princess* exercised reasonable care under the circumstances, whether the alleged negligent provision of health care services, if proven, can be imputed to Princess as the vessel's operator and/or the employer or principal of the medical personnel, and whether Plaintiff's alleged injuries and damages were partially or wholly caused or contributed to by Plaintiff or third parties for whom Princess is not liable.

**Defendant Princess**

Princess anticipates that the following legal issues will need to be resolved by this Court: (1) whether the Passage Contract is a legally binding contract on Plaintiff; (2) whether Defendant owed any duty to Plaintiff or has liability; (3) whether Defendant can be found vicariously liable for the conduct of the medical providers at issue based on any theory for such liability; (4) whether Defendant's actions or omissions were the legal cause of Plaintiff' alleged injuries; and (4) what compensatory damages if any are available under

the law relating to Plaintiff's claims.

    (d)    **<u>Parties and Evidence:</u>**

Plaintiff has filed her Certification and Notice of Interested Parties. Defendant Princess has filed its Certification and Notice of Interested Parties pursuant to FRCP, Rule 7.1 and Local Civil Rule 7.1.1. The contents of Princess' certification disclosed that Carnival Corporation may have a pecuniary interest in the outcome of the instant matter.

The party witnesses in the case as can be ascertained at this juncture are as follows:

Plaintiff Susan B. Hodge and her husband, Thomas Henry Hodge;

Princess' medical personnel aboard the *Royal Princess*, including Defendant Van Zyl, M.D.;

Princess' employees involved in the selection, hiring, training and supervision of its medical staff;

Plaintiff's treating physicians for injuries sustained in the alleged incident.

The key documents in the case as can be ascertained at this juncture include:

Plaintiff's cruise related documentation, including booking history, passage contract, and folio;

Plaintiff's medical and billing records for medical care aboard the ship and ashore;

Princess' policies and procedures relating to provision of medical care aboard their ships, and the hiring, retention, training, and supervision of medical staff providing such medical care to its passengers aboard its cruise ships; and

Dr. Van Zyl's personnel records and contractual agreements for her employment;

Additionally, the parties have met and conferred pursuant to FRCP, Rule 26(f) and have agreed to take reasonable and proportionate steps to preserve evidence relevant to issues reasonably evident in this action.

    (e)    **<u>Damages</u>**:

Plaintiff's damages set forth in his Complaint seek combined general and special damages according to proof as well as prejudgment interest, costs of suit and such further

relief as is appropriate in the interest of justice. The damages have not yet been calculated but consist of significant medical bills for hospital stays and rehabilitation.

Defendant denies Plaintiff is entitled to any relief whatsoever including compensatory and/or punitive damages.

(f) **Insurance:**

The *Royal Princess* is entered with the United Kingdom Mutual Steam Ship Assurance Association (Bermuda) Limited, a mutual protection and indemnity association which provides indemnity insurance coverage against certain marine risks and which may provide some coverage relating to Plaintiff's alleged incident, subject to the Club's rules.

(g) **Motions:**

At this time, the parties do not anticipate any motion to add other parties or claims, file amended pleadings or transfer venue.

(h) **Dispositive Motions**:

The parties reserve the right to file a timely Motion for Summary Judgment or Partial Summary Judgment pursuant to FRCP 56, if applicable. Further discovery and investigation are required.

(i) **Manual for Complex Litigation:**

The parties agree this matter is not complex and will not require the use of the Manual for Complex Litigation.

(j) **Status of Discovery:**

The parties are in the preliminary stages of conferring on discovery, probable witnesses, and the locations and format of relevant categories of documents. The parties do not anticipate there being any issues relating to the discovery of electronically stored information. Princess anticipates that a protective order may be necessary to the extent that Plaintiff seeks the production of any information which it considers to be proprietary, confidential business records and/or trade secrets, or relate to privacy issues which includes but are not limited to policies, procedures, videos, manuals and employee

personnel files.

The parties have not exchanged written discovery.

(k) **Discovery Plan:**

1. Initial Disclosures: The parties do not propose that any changes should be made in the timing, form or requirement for disclosures under Rule 26(a). The parties have agreed to exchange Initial Disclosures on **May 17, 2024.**

2. Extent/Scope of Discovery: Discovery is needed on the following subjects: liability, causation, the nature and extent of Plaintiff's injuries and damages and Defendant's defenses to each claim, and any and all factual, evidentiary, and legal support. Anticipated discovery includes written interrogatories, requests for admissions, requests for production of documents, written discovery via issuance of subpoenas to third parties and oral depositions of Plaintiff, Defendant's employees and corporate designees under Rule 30(b)(6), and other relevant and percipient witnesses. The parties do not propose that discovery should be conducted in phases or be limited to particular issues.

3. Discovery Relating to Electronically Stored Information: The parties do not anticipate there being any issues relating to discovery of electronically stored information.

4. Protective Order: Defendant Princess anticipates that a protective order will be necessary to the extent that Plaintiff seeks the production of any information which it considers to be proprietary, confidential business records and/or trade secrets, or relate to privacy concerns which includes but is not limited to policies, procedures, videos, manuals and employee personnel files. In response, Plaintiff invites entry into a Confidentiality Agreement or Order for Defendant's protection.

/ / /

5. Proposed Changes in Limitations on Discovery: Defendants will request that Plaintiff submit to a defense medical examination. Plaintiff will request that her deposition be taken virtually or in the place of her residence in New York, and if

applicable, defense medical examination, be taken/conducted in her place of residence, in New York, or alternatively, to the extent Plaintiff can travel to this District, that Defendants reimburse Plaintiff's travel expenses.  Additionally, the parties note that depositions of crewmembers may be difficult to schedule due to their employment onboard cruise ships or foreign residence.  Otherwise, the parties do not anticipate that any changes should be made to the limitations of discovery, aside from those imposed by the FRCP and the Central District of California Rules.

(l) **Discovery Cut-Off:**

The parties have agreed to **January 24, 2025** as the discovery cut-off date.

(m) **Expert Discovery:**

The parties propose the following expert discovery schedule:
- Joint disclosure of expert witnesses: **January 31, 2025**
- Rebuttal disclosure of expert witnesses: **February 14, 2025**
- Expert Discovery Cut-off: **February 28, 2025**

(n) **Settlement/Alternative Dispute Resolution (ADR):**

No settlement discussions have occurred to date.  The parties are willing to negotiate in good faith and attempt to resolve this matter by early settlement prior to the trial date in this matter.

Defendants need an opportunity to fully evaluate Plaintiff's claims, which includes, but is not limited to, an evaluation of any and all relevant medical records, depositions of Plaintiff, witnesses and experts as well as a physical examination of Plaintiff by an independent medical examiner.

Pursuant to this Court's Notice to Parties of Court-Directed ADR Program (Docket #6), Civil L.R. 26-1(c) and Civil L.R. 16-15.4, the parties select ADR Procedure No. 3, private mediation to be concluded on or before **April 18, 2025**.

(o) **Trial Estimate**:

The parties request a trial by jury and plaintiff anticipates that a reasonable estimate for the jury trial is 4 days.

Plaintiff estimates calling 4-6 fact and expert witnesses at trial.

Defendant estimates that this action can be tried in 5-7 days. Defendant anticipates calling 6-8 percipient witnesses and expert witnesses to be determined.

(p) **Trial Counsel**:

Plaintiff's trial counsel:        Aksana Coone, Charles D. Naylor

Princess' trial counsel:         Jeffrey B. Maltzman and Edgar R. Nield

(q) **Independent Expert or Master:**

The parties do not anticipate the need for an independent expert or master to be appointed in this matter.

(r) **Schedule Worksheet:**

See **Exhibit A** hereto.

(s) **Other Issues:**

None.

Dated: April 25, 2024               LAW OFFICES OF
                                    AKSANA M. COONE

                                    LAW OFFICES OF
                                    CHARLES D. NAYLOR

                          By:       */s/ Aksana M. Coone*
                                    Aksana M. Coone
                                    Charles D. Naylor
                                    Attorneys for Plaintiff,
                                    SUSAN B. HODGE

///

///

| | | |
|---|---|---|
| DATED: April 25, 2024 | | **MALTZMAN & PARTNERS** |
| | By: | /s/ *Gabrielle De Santis Nield* |
| | | Jeffrey B. Maltzman |
| | | Edgar R. Nield |
| | | Gabrielle De Santis Nield |
| | | *Attorneys for Defendant,* |
| | | *Princess Cruise Lines Ltd.* |

## CERTIFICATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

| | | |
|---|---|---|
| Dated: April 25, 2024 | | LAW OFFICES OF AKSANA M. COONE |
| | | LAW OFFICES OF CHARLES D. NAYLOR |
| | By: | /s Aksana M. Coone |
| | | Aksana M. Coone |
| | | Charles D. Naylor |
| | | Attorneys for Plaintiff, |
| | | SUSAN B. HODGE |

**DISTRICT JUDGE FERNANDO L. AENLLE-ROCHA**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report. The parties must make every effort to agree on dates or the court will set them.

| Case No. 2:24-cv-00620-FLA-AS | Case Name: Susan B. Hodge vs. Princess Cruise Lines, Ltd. | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date** mm/dd/yyyy | **Def(s)' Date** mm/dd/yyyy |
| Check one:  ☒ Jury Trial   or   ☐ Bench Trial<br>[Tuesday at 8:30 a.m. within 12-15 months of Scheduling Conference based on complexity]<br>Estimated Duration:  4  Days | | 6/10/2025 | 6/10/2025 |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions in Limine<br>[Friday at 3:00 p.m. at least 18 days before trial] | | 5/23/2025 | 5/23/2025 |
| **Event**[1]<br>Note: Hearings shall be on Fridays at 1:30 p.m. Other dates can be any day of the week. | **Time Computation**[2] | **Pl(s)' Date** mm/dd/yyyy | **Def(s)' Date** mm/dd/yyyy |
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Friday] | 91 days after scheduling conference | 8/9/2024 | 8/9/2024 |
| Fact Discovery Cut-Off [Friday]<br>(no later than deadline for filing dispositive motion) | 17 weeks before FPTC | 1/24/2025 | 1/24/2025 |
| Expert Disclosure (Initial) | 16 weeks before FPTC | 1/31/2025 | 1/31/2025 |
| Expert Disclosure (Rebuttal) | 14 weeks before FPTC | 2/14/2025 | 2/14/2025 |
| Expert Discovery Cut-Off | 12 weeks before FPTC[3] | 2/28/2025 | 2/28/2025 |
| Last Date to Hear Motions [Friday]<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | 8 weeks before FPTC | 3/28/2025 | 3/28/2025 |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>Select one:  ☐ 1. Magistrate Judge (with Court approval)<br>☐ 2. Court Mediation Panel<br>☒ 3. Private Mediation | 5 weeks before FPTC | 4/18/2025 | 4/18/2025 |
| Trial Filings (first round) [Friday]<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | 4/25/2025 | 4/25/2025 |
| Trial Filings (second round) [Friday]<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | 5/9/2025 | 5/9/2025 |

[1] The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order.

[2] The numbers below represent the court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions, patent, and ERISA cases may need to vary from the above.

[3] The parties may choose to cut off expert discovery prior to the deadline to file a motion for summary judgment.