CHARLES D. NAYLOR, State Bar No. 62243
LAW OFFICES OF CHARLES D. NAYLOR
A Professional Corporation
111 W. OCEAN BLVD, Suite 400
Long Beach, California 90802
Telephone:  (310) 514-1200
Facsimile:  (310) 514-1837
E-Mail:     cnaylor@naylorlaw.com

In Association with:

Aksana M. Coone, State Bar No. 190125
LAW OFFICES OF AKSANA M. COONE
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone:  (310) 556-9650
Facsimile:  (310) 954-9008
E-mail:     Aksana@Coonelaw.com

Attorneys for Plaintiff, SUSAN B. HODGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN B. HODGE,<br><br>            Plaintiff,<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD.,<br><br>            Defendant. | CASE NO. 2:24-cv-00620-FLA (ASx)<br><br>**CORRECTED DECLARATION OF CHARLES D. NAYLOR IN RESPONSE TO OSC RE DISMISSAL** |

### DECLARATION OF CHARLES D. NAYLOR

I, Charles D. Naylor, declare:

1. I am one of the attorneys of record for Plaintiff SUSAN B. HODGE, in the above-captioned matter.  This declaration is based upon my personal knowledge of all matters set forth herein, and if called upon to do so, I could and would testify

thereto. I submit this Declaration in response to the Court's Order to Show Cause why the action should not be dismissed for lack of prosecution [Dkt 25].

2. The parties formally mediated this matter on April 30, 2025, and reached agreement for a full and final settlement. One of the terms the Release agreed to between Plaintiff and Defendant is that Defendant has reserved the right to withhold the amount due to Medicare for reimbursement of Medicare's conditional payments for injury related treatment, and to pay that amount directly to Medicare prior to making payment of the balance of the settlement amount to Plaintiff's counsel, on Plaintiff's behalf.

3. The amount of settlement and the amount that Medicare has claimed as conditional payments are both substantial. Plaintiff disputes the amount that is due to Medicare for reimbursement of conditional payments and has retained Synergy Settlement Services to resolve that dispute with Medicare. When the amount that is actually due to Medicare for reimbursement of conditional payments has been resolved, Defendant will promptly pay that amount to Medicare, and the balance of the settlement to Plaintiff's counsel on Plaintiff's behalf.

4. To allow time for resolution of the amount due to Medicare for its conditional payments, and for payment of that amount to Medicare and the balance of the settlement to Plaintiff's counsel on Plaintiff's behalf, Plaintiff requests that the court hold this matter in abeyance for a period of sixty (60) days, to and including September 16, 2025. Within that time the parties will either submit a Stipulation for Dismissal or if necessary, Plaintiff will file a Further Response to this Order To Show Cause requesting additional time and stating the reason for such request.

5. It was Plaintiff's counsel's responsibility to timely notify the Court of the settlement and of these circumstances. Through inadvertence, we failed to do so. We regret the inadvertence and any inconvenience it has caused.

///

///

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 18th day of July, 2025 at Long Beach, California.

*/s/ Charles D. Naylor*
Charles D. Naylor